IN THE COURT OF COMMON PLEAS
CIVIL DIVISION
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| FRANK CHANDLER<br>6314 YOUNGSTOWN HUBBARD RD. SE<br>HUBBARD, OHIO 44425<br><br>PLAINTIFF,<br><br>v.<br><br>WORLD'S FINEST CHOCOLATE, INC.<br>4801 S. LAWDALE AVENUE<br>CHICAGO, IL 60632<br><br>DEFENDANT. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO:<br><br>JUDGE:<br><br><br>**COMPLAINT WITH JURY<br>DEMAND ENDORSED HEREON**<br>(Product Liability)<br><br><br>**INSTRUCTIONS FOR SERVICE** |

Plaintiff, by and through the undersigned counsel, and for his claim for relief, states and alleges as follows:

**PARTIES**

1. Plaintiff Frank Chandler is a resident of Hubbard, Ohio.

2. Defendant World's Finest Chocolate, Inc. is a corporation formed under the laws of Delaware with a principal place of business in Chicago, Illinois.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to R.C. 2305.01, as this is a civil case in which the sum in dispute exceeds the exclusive original jurisdiction of county courts.

EXHIBIT A

4.  This Court has personal jurisdiction over World's Finest Chocolate, Inc. as Defendant World's Finest Chocolate Inc, does business in the State of Ohio and caused the sale of the subject chocolate to Plaintiff within the State of Ohio.

5.  This Court is the proper venue for this case pursuant to Civ. R. 3 as Trumbull County is the county in which all or part of the claim for relief arose.

## STATEMENT OF FACTS

6.  On December 15, 2024, Plaintiff purchased a box of Queen Anne's Cherries manufactured and packaged by Defendant.

7.  The Queen Anne's Cherries product contained a piece of sharp plastic within the chocolate coating, which is not an intended component of the product.

8.  On December 15, 2024, Plaintiff ingested the piece of plastic while consuming the cherries.

9.  After ingesting the plastic, Plaintiff experienced a sore throat and pain when swallowing.

10. On December 16, 2024, Plaintiff sought emergency medical treatment at Mercy Health - Austintown due to the sensation that something was still lodged in his throat.

11. At Mercy Health - Austintown, Plaintiff underwent a CT scan which showed asymmetric fullness along the right glossotonsillar sulcus.

12. Plaintiff was prescribed prednisone for his condition.

13. On January 8, 2025, Plaintiff followed up with a primary care physician, Dr. Slemons.

14. On January 29, 2025, Plaintiff followed up with an ENT specialist, Dr. Pascolini, where he was noted to complain of continuing sensation in his throat.

15. Plaintiff received follow-up care from specialists through March 7, 2025.

16. Prior to this incident, Plaintiff had no significant past medical history and was especially free from any throat injury.

17. Plaintiff continues to experience difficulty swallowing and pain in his throat.

18. Plaintiff has incurred medical expenses the exact amount of which are unknown at the present time.

19. Plaintiff has been reliably advised that he has suffered an injury that is permanent in nature and that he will require future medical care including a potential surgical intervention.

## CLAIMS FOR RELIEF

### Count I - Product Liability - Manufacturing Defect in Violation of R.C. 2307.74

20. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 19 as if fully set forth herein.

21. Defendant manufactured the Queen Anne's Cherries product.

22. The Queen Anne's Cherries product was defective in manufacture or construction when it left Defendant's control.

23. The product contained a piece of sharp plastic, which constitutes a material deviation from the design specifications, formula, and performance standards of cherries, which should not contain plastic.

24. The defect in the product was a proximate cause of Plaintiff's injuries.

25. As a direct result of ingesting the plastic in Defendant's product, Plaintiff suffered injuries to his throat, requiring medical treatment and causing ongoing pain and difficulty swallowing.

26. Plaintiff suffered damages as a result of the defect in Defendant's product as described in the preceding paragraphs.

**Count II - Product Liability - Failure to Warn in Violation of R.C. 2307.76**

Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 26 as if fully set forth herein.

27. Defendant manufactured the Queen Anne's Cherries product.

28. The Queen Anne's Cherries product was defective due to inadequate warning or instruction at the time of marketing.

29. Defendant knew or, in the exercise of reasonable care, should have known about the risk of foreign objects such as plastic being present in its food products.

30. Defendant failed to provide any warning about the potential presence of plastic in its Queen Anne's Cherries product.

31. Defendant failed to provide the warning that a manufacturer exercising reasonable care would have provided concerning the risk of foreign objects in its food products.

32. The defect due to inadequate warning was a proximate cause of Plaintiff's injuries.

33. As a direct result of the lack of adequate warning, Plaintiff consumed the product without knowledge of the potential danger, ingested the plastic, and suffered injuries to his throat.

34. Plaintiff suffered damages as described above as a result of the defect in Defendant's product.

35. Plaintiff incurred medical expenses and continues to experience pain and difficulty swallowing.

**Count III - Negligence**

36. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 37 as if fully set forth herein.

37. Defendant owed a duty of care to Plaintiff.

38. As a manufacturer and seller of food products, Defendant had a duty to ensure that its products were safe for consumption and free from foreign objects such as plastic.

39. Defendant breached its duty of care to Plaintiff.

40. Defendant breached its duty by allowing a piece of sharp plastic to be included in its Queen Anne's Cherries product.

41. Defendant's breach of duty was the proximate cause of Plaintiff's injuries.

42. As a direct result of Defendant's negligence, Plaintiff ingested the plastic and suffered injuries to his throat.

43. Plaintiff suffered damages as described above as a result of Defendant's negligence.

44. Plaintiff incurred medical expenses and continues to experience pain and difficulty swallowing.

**Count IV - Breach of Implied Warranty of Merchantability in Violation of R.C. 1302.27**
**(against defendant World's Finest Chocolate, Inc.)**

45. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 44 as if fully set forth herein.

46. Defendant is a merchant with respect to food products such as Queen Anne's Cherries.
    1. Defendant sold the Queen Anne's Cherries product.
    2. The Queen Anne's Cherries product was not merchantable at the time of sale.

47. The product contained a piece of sharp plastic, making it not fit for the ordinary purpose of consumption and failing to pass without objection in the trade.
    1. The non-merchantable condition of the product was a proximate cause of Plaintiff's injuries.
    2. As a direct result of consuming the non-merchantable product, Plaintiff suffered injuries to his throat.

48. Plaintiff suffered damages as a result of the non-merchantable condition of Defendant's product.

49. Plaintiff incurred medical expenses and continues to experience pain and difficulty swallowing.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount in excess of twenty-five thousand dollars, ($25,000.00) plus interest, costs, and any other relief this Court deems equitable and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Corey J. Grimm*
**COREY J. GRIMM** (#0089473)
INGRAM, GRIMM, & YACOVONE, LLP.
7330 Market Street
Youngstown, Ohio 44512
Telephone: 330.758-2308
Telecopier: 330.758.8290
Email: cgrimm@igylaw.com
*Attorney for Plaintiff*

## INSTRUCTIONS FOR SERVICE

TO CLERK OF SAID COURT:

Please serve a summons and copy of Complaint on Defendant via Certified Mail at the following:

WORLD'S FINEST CHOCOLATE, INC.
4801 S. LAWDALE AVENUE
CHICAGO, IL 60632

*/S/ Corey J. Grimm*
**COREY J. GRIMM** (#0089473)
ATTORNEY FOR PLAINTIFF